IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  05-cv-01815-RPM

UNITED FOOD AND COMMERCIAL WORKERS
INTERNATIONAL UNION, LOCAL NO. 7,

        Plaintiff,

v.

KING SOOPERS, INC., a Division of Dillon Companies, Inc.,
and a wholly owned subsidiary of the Kroger Company,

        Defendant.

## ORDER GRANTING SUMMARY JUDGMENT

The United Food and Commercial Workers International Union, Local No. 7, ("Union") filed this action to compel arbitration under the terms of its collective bargaining agreement ("CBA") with King Soopers, Inc., of the dispute initiated by a grievance, dated March 29, 2000, in which the complaint is that King Soopers has violated the CBA by:

> Harassment and discrimination.  Not allowing union representative to visit, represent members or process grievance procedure at King Soopers #835, #46, #2 and #3.

The remedy requested is

> Cease and desist discrimination and harassment immediately and allow George in to King Soopers stores to due [sic] his duties.

King Soopers has refused to proceed to arbitration, contending that this dispute was resolved by the National Labor Relations Board ("NLRB") on the Union's claim of

an unfair labor practice in violation of Section 8(a)(5) of the NLRA, 28 U.S.C. § 158(a)(5), by refusing to deal with George Gonzales, a former employee, as the Union's business agent. The NLRB decision is reported as *King Soopers and UFCU Local 7,* 338 N.L.R.B. 269, 272 (2002).

King Soopers filed a motion for summary judgment of dismissal with supporting papers and the Union agrees that there are no disputed issues of fact relevant to the question of whether this dispute must go to arbitration.

George Gonzales was a long-term meat employee of King Soopers until he was fired on March 16, 1996, for behavior which the employer characterized as violent and threatening. The Union hired him as a business agent on February 14, 2000.

Under Art. 41, § 117 of the CBA:

[t]he President of the Union, or the Business Representative thereof, shall have the right of entering the premises for the purpose of interviewing employees [and] [t]he Employer shall, upon request of the Union Representative, furnish satisfactory evidence to ascertain whether employees are being paid in accordance with the terms of this Agreement and review with the Union Representative the facts giving rise to disciplinary action.

Similarly, Art. 42, § 119 provides:

[w]hen an employee is involved in a disciplinary interview where the probable result of such interview will be the imposition of disciplinary action, the Employer shall have Union Representation of the employee's choice if present.

The selection of a business representative is a matter solely within the authority of the Union. On March 7, 2000, the Union was informed by King Soopers that because of his employment history leading to termination, it would not permit George

Gonzales to perform his duties as a business representative at any of its stores.  King Soopers has not refused to deal with other business representatives of the Union on other matters arising under the CBA.

The issue in this case is whether the refusal of King Soopers to permit George Gonzales to represent the Union in matters concerning its contract with this employer is itself a dispute or complaint requiring the interpretation or application of the Agreement within the meaning of Article 43 for which the grievance and arbitration procedure in Section 123 is applicable.  That is a different question from what was before the NLRB and the decision that the refusal to deal with Mr. Gonzales was not an unfair labor practice under the NLRA is not binding on this Court.  Nonetheless, it is persuasive.  While there may be situations in which a refusal to deal with a particular person selected by the Union to represent the employees of King Soopers may involve provisions of a CBA, as, for example, an improperly discriminatory treatment of that person, the reasons given in this matter, as recognized by the NLRB, constitute legitimate business reasons that affect good faith bargaining or other matters that are appropriate for Union representation in the defendant's stores.  Thus, for the same reasons given by the NLRB in rejecting the charge of an unfair labor practice, this Court finds and concludes that there is no arbitrable dispute presented.  This dispute does not require an interpretation or application of the CBA.  Accordingly, it is

ORDERED, that the defendant's motion for summary judgment is granted and judgment will enter dismissing this action with prejudice, awarding statutory costs, if

any, without any award of attorney's fees.

Dated: August 15th, 2006

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge